1831.<br>BRUSH<br>v.<br>VANDEN-<br>BERGH.

---

BRUSH vs. VANDENBERGH, survivor of FREEMAN.

---

Testimony taken in the cause cannot be read upon a motion to dissolve an injunction.

The question of delay in the performance of a contract and acquiescence in the delay can only be properly determined at the hearing of a cause, and not on a motion.

It is undoubtedly true, that at law the tender of the deed or offer to perform specifically after suit brought for non-performance, would not affect or take away the right to proceed with the suit: but the commencement of an action is not *ipso facto* a deprivation of right to go into equity for leave to perform the contract.

*It seems*, the adjudged cases do not go so far as to say, that a party must show a positive agreement or consent to accept a deed, notwithstanding delay (in a case where no time is specified.) It is a matter resting very much in the discretion of the court.

If there is a fair and reasonable question for the court to decide, namely, whether a contract may not be specifically executed, an injunction granted in the cause will be retained until the hearing.

June 15, 16.<br>1831.<br><br>Practice.<br>Testimony.<br>Specific per-<br>formance.<br>Injunction.<br>Suit at Law.

---

In the year 1823, the defendant and Isaac Freeman entered into a written and sealed contract with the complainant, to find the materials and do the mason's work of a new dwelling-house in the city of New York; and for all this, they were to have

1831.

BRUSH
*v.*
VANDEN-
BERGH.

$4,000 : one half in cash, by instalments, (the last payment in October, 1823, when the house was to be finished) and the other half or "balance of $2,000 was to be paid in land at one dollar "per acre"—lying on Greenbriar river in Virginia, and for which the complainant was to give a warrantee deed. There was no time specified for the completion of the purchase, unless the date when the last payment was to be made can be construed as fixing the period.

In July, 1830, the defendant, James Vandenbergh, as the survivor of Freeman, commenced an action at law in the Superior court of the city of New-York against the complainant for a breach of covenant, in not having paid the $2,000 in land ; and claimed to recover that amount in money. The complainant filed his bill shortly afterwards in this court, for a specific performance of the contract and to compel the defendant to accept a deed of the lands, which he alleged he had executed and had tendered to the defendant on the 26th day of July, 1830, (after the commencement of the action.) On filing the bill, an injunction was granted, which restrained the plaintiff therein from proceeding in his action. The answer of the defendant met and denied the principal allegations in the bill.

It will be only necessary to give this outline of the case and refer to the Vice-Chancellor's opinion for such further particulars as may bear upon the matter.

This cause came before his honor, upon a motion to dissolve the injunction ; upon the bill and answer.

Mr. *Murray Hoffman*, in support of the motion.

The contract is dated the 1st November, 1822. The agreement was that the complainant should pay $4,000, one half of that amount to be received in land worth one dollar per acre. The bill admits the full completion of the contract by the defendant in the month of July, 1823; and it is a striking feature of the case, that from that period, the defendant has not received the one half of the demand and the complainant has been in possession of the house.

The only equities of the bill on which the action can be inter-

cepted are two-fold. 1. The alleged acquiescence of the defendant from time to time in the delay—his request that the deed might not be delivered—his assent to the sending to Virginia for a survey—his agreement to wait at other times, and other circumstances charged as evidence of his agreement to the delay. 2. The tender of the deed on the 26th July, 1830, after the action at law was brought.

Upon the first point the counsel examined the various allegations in the bill as to the particular circumstances, and the averments of the answers respecting them, and insisted that all of them were fully denied or explained so as to destroy any equity on that account. He cited *Bogart* v. *Perry*, 1 *John. Ch. Rep.* 55; *Hatch* v. *Cobb*, 4 *ib.* 559; *Milwood* v. *Thanet*, 5 *Vesey*, 720 n.; *Guest* v. *Humfray*, *ib.* 818.

Upon the second point he contended, that after an action at law was commenced for a breach of a contract, the case could only be withdrawn from that tribunal into a Court of Equity upon one of two grounds, either a positive prior agreement of which the institution of the suit at law was a violation, or a positive agreement after its commencement for delay, or that the contract should be fulfilled—that the tender of the deed after the action was brought was a nullity—that such deed was refused, and that the defendant had a right to refuse it, even if no objection as to title or the value of the land existed. He urged, that it was immaterial how long the defendant had refrained from asserting his right to sue, or what consent he had given to a delay, provided there was no agreement subsisting which was broken by his action. That a court of chancery could not interfere with a proceeding at law clearly within the jurisdiction of a legal tribunal, except upon circumstances making it unconscientious in the party to proceed there.

He cited *Knickerbacker* v. *Harris*, 1 Paige Rep. 210. *Lay* v. *Colsten*, 1 Hen. & Mumf. 110.

Mr. *C. Graham*, and Mr. *D. B. Ogden*, for the complainant.

The injunction will be continued: 1st. Because a court of equity grants more extensive and effectual relief in cases of

specific performance than courts of law: *Knickerbacker* v.
*Harris*, 1 *Paige's C. R.* 209; *Pierce* v. *Nichols*, *ib.* 244; *St.*
*John* v. *Benedict*; 6 *J. C. R.* 111; *Seymour* v. *Delancey*, *ib.* 222.
*S. C.* 3. *Cow. R.* 445. And this is more especially the case when
it is considered that the complainant's title is to be examined,
which cannot be done by a court and jury, but must take place
through the master's office: 1 *Grant's Pr.* 36; *Pierce* v. *Nichols,*
*supra.*    2d.  Time formed no part of the essence of the con-
tract between the parties; and even if it did, it would not
defeat the right to a specific performance, provided there was
just excuse, acquiesence, or waiver: *Benedict* v. *Lynch*, 1 *J. C.*
*R.* 370.    3d.  The injunction will not be dissolved on the com-
ing in of the answer, unless the defendant positively denies all
the equity of the bill.    A denial from information and belief,
(which is all that appears here) is not sufficient.    Nor will it be
done in many cases although the equity is fully denied by the
answer: *Robins and Boyd* v. *Anderson*, 2 *J. C. R.* 202; *Ward*
v. *Van Bokkelen*, 1 *Paige's C. R.* 100; *Rodgers* v. *same*, *ib.*
426.    4th.  The complainant has no relief, or no adequate re-
lief, in a court of law.    It is, at best, but doubtful and extremely
difficult; *American Insurance Co.* v. *Fisk*, 1 *Paige's C. R.* 90,
*and cases there cited; S. P. Reed* v. *Bank of Newburgh*, *ib.* 217,
218.    5th.  Testimony has been taken in this cause, and the
suit is nearly ready for hearing upon the pleadings and proofs.
Above fifteen or twenty witnesses have been examined.

———

Another point was made by the counsel for the complainant,
namely: that the testimony taken in the cause might be read
in support of the injunction, because it is not like *ex parte* affi-
davits, but regular examination of witnesses in the presence
and under the cross-examination of the counsel for the defend-
ant.  The counsel for the defendant objected to the introduction
of the testimony; and cited *Roberts* v. *Anderson*, 2 *J. C. R.*
202; *Eastburn* v. *Kirk*, 1 *ib.* 444; *Berkeley* v. *Brymer*, 9 *Ves.*
355.

*June* 16.          The Vice-Chancellor.   I cannot find any case wherein

the testimony taken in a cause has been allowed to be used on a motion for dissolving an injunction. It would be going too far into the merits. Injunctions are very generally granted *ex parte*. This motion is founded upon the bill and the answer; and it must be decided upon these only. I must reject the testimony. I am not desirous of making a precedent for the admission of it in this stage of a cause.

*1831.*

BRUSH
*v.*
VANDEN-
BERGH.

On this day the court gave the following opinion upon the motion to dissolve the injunction:

*July 5.*

THE VICE-CHANCELLOR. The grounds in favor of the motion for dissolving the injunction, and upon which the defendant resists the performance of the contract specifically, are, 1st. The neglect and refusal of the complainant, for several years, to give a deed. In other words, great delay, on the part of the complainant, in tendering a deed; and, 2d. That the complainant is deprived of the right to proceed for a specific performance, by the commencement of the action before the tender of the deed and the filing of the bill.

The first is endeavoured to be obviated and explained away by allegations in the bill, shewing that the execution of the deed was deferred for several years, at the request of Vandenburgh and Freeman; or, that the delay was assented to by them; and, that when they were ready to have the deed executed, a further delay took place in order to obtain actual surveys of the land, at the request of the defendant and Freeman, or by their express assent. These allegations are, however, very fully denied in the answer. And yet I apprehend there is too much ground left for equitable jurisdiction to authorize me to dissolve the injunction. Notwithstanding the denial that the delay took place at the request or by the assent of the defendant, there appears something very like an acquiesence in the delay from year to year, down to the month of July, 1830 : for, instead of acting upon the previous demands, refusals, or omissions of the complainant to give a deed, by a notice that they would not accept the lands but insist upon

4

the money and then following up that notice by the commence-ment of a suit for the recovery of it, the defendant goes on demanding a deed; then waits a length of time; and makes another demand. Thus, treating with the complainant as if the defendant was always ready to receive, and the complain-ant continually bound to convey, in pursuance of the contract. How far this course of proceeding may save the complainant from the consequences of the delay now complained of, and enable him still to insist upon his right to give a deed, as he has been so often and so lately required to do by the defendant, is, at least, a question deserving of consideration, and which can only be properly determined after a hearing upon the pleadings and proofs in the cause.

2. The second point has, however, been urged as perfectly decisive, namely: that the commencement of the suit at law be-fore the tender of the deed, and when the complainant was clearly in default, put an end to his right to force a deed upon the defendant. I have examined this point with some care, and looked into the authorities cited in support of it. It is un-doubtedly true, that at law, the tender of a deed, or offer of performance after suit brought for the non-performance of the contract, would not take away the right to proceed with the suit or have the least effect or influence upon it. But there is no case which shows, that the commencement of such a suit at law is *ipso facto* a deprivation of the right to go into equity for leave to perform the contract. Indeed, the counsel for the defendant has not contended for the doctrine to that extent, but insists that, to give a right to file a bill in equity in a case like the present, after a suit brought at law, the party must show a positive agreement or consent to accept a deed, not-withstanding the delay; and of which agreement the com-mencement of the suit at law would be a violation. I am not prepared to say, that the authorities to which I have been re-ferred bear out this position. They seem to admit, that where some particular grounds of equity exist on behalf of the party breaking the contract, and which excuses the breach, and shows, according to the rules of equity, the contract ought, nevertheless, to be performed in specie, that there the court

will entertain the bill. What those particular grounds of equity are, must be ascertained from the circumstances of each case. Upon the whole, it is a matter which must rest very much in the discretion of the court. All cases of specific performance do so; and that discretion can only be exercised with propriety, after proofs have been taken and upon a full hearing of the cause.

It is unnecessary for me to go more fully into this case at present. There is enough to show that I ought not to dissolve the injunction, and leave the complainant exposed to the suit at law. The specific performance of contracts is a subject peculiarly within the jurisdiction of courts of equity; and following the example of Lord Eldon, in *Drewe* v. *Hanson*, 6 *Ves.* 678, I cannot undertake to say, as the case is now presented, that "there is not a fair and reasonable question whether this contract may not be specifically executed."

The injunction must be continued; the costs of this application to abide the event of the suit.